IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| GRETA D. KILGO, | ) |
| | ) |
| Plaintiff, | ) Case No: 2:04-cv-381 |
| | ) |
| v. | ) |
| | ) Chief Judge Curtis L. Collier |
| CINGULAR WIRELESS, L.L.C., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

Before the Court is defendant Cingular Wireless, L.L.C.'s ("Defendant's") motion for this Court to reconsider its denial in part of Defendant's Motion for Summary Judgment (Court File No. 43). Defendant more fully briefed the issue it raised in a previous motion, and in furtherance of judicial economy this Court will reconsider Defendant's Motion for Summary Judgment (Court File No. 29). Defendant in its Motion for Reconsideration demonstrates there is no genuine issue of material fact, and therefore this Court will **GRANT** Defendant's Motion for Summary Judgment as to Plaintiff's sole remaining claim.

**I.      FACTS AND PROCEDURAL BACKGROUND**

The facts in this matter are already outlined in this Court's previous memorandum in support of its order granting in part and denying in part Defendant's Motion for Summary Judgment (Court File No. 41). This Court will merely recount the very few facts related to plaintiff Greta D. Kilgo's ("Plaintiff's") sole surviving claim.

Plaintiff alleges Defendant failed to offer reasonable accommodations as required under the

Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12101-12213 (Court File No. 1 at ¶ 3). Plaintiff has severe osteoarthritis in her hip and knee area (Court File No. 29, Ex. 2-A at 120). Plaintiff has difficulty sitting or standing for long periods of time (Court File No. 29, Ex. 2-C at 7). Because of this impairment, Plaintiff made a series of four accommodation requests related to the location of her desk, its proximity to an entrance and bathroom, and her ability to take breaks more frequently.

First, on November 7, 2001 Plaintiff orally requested an accommodation in a meeting with Chris Page and Carla Gass; Carla Gass was Plaintiff's supervisor, the record does not state what Chris Page's job was (Court File No. 29, Ex. 2-A at 146). Mr. Page told Plaintiff Ms. Gass would assist her with getting an accommodation (*id*.). Eventually, Plaintiff was directed to Mr. Hawkins who told her, unless she had papers from a doctor, Defendant would not grant an accommodation (again, the record does not state what Mr. Hawkins's job was) (*id*. at 146-47.).

Second, Plaintiff presented papers that her gynecologist, Dr. Renee Hollins, filled out in March 2002. *See id*. at 147, 154; (Court File No. 29, Ex. 2-C at 2-3). Cingular supplied what was, apparently, their standard form for a request for disability accommodation. Dr. Hollins indicated Plaintiff was significantly limited in her ability to perform a major life activity as compared to an average person in the general population (Court File No. 29, Ex. 2-C at 2). However, Dr. Hollins also indicated that this disability did not "substantially" limit Plaintiff in a major life activity *(id*.). Because of this discrepancy, Defendant denied Plaintiff's request for an accommodation (Court File No. 29, Ex. 2-A at 154).

Third, Dr. Hollins sent a letter to Defendant dated April 22, 2002, to clarify her opinion (Court File No. 29, Ex. 2-A at 155-56). Dr. Hollins stated that Plaintiff was "significantly limited"

in the performance of a major life activity, but Dr. Hollins did not consider this substantial because it had "nothing to do with [Plaintiff's] job description." (Court File No. 29, Ex. 2-A at 156). Dr. Hollins stated she did not understand what Defendant considered a substantial limitation (*id*.).

Fourth, Plaintiff obtained the opinion of Dr. Catherine Tanner (Court File No. 29, Ex. 2-C at 6-8). Dr. Tanner, Plaintiff's primary physician, filled out Defendant's form unambiguously indicating Plaintiff had a substantially limiting disability (Court File No. 29, Ex. 2-A at 158-59). It is not wholly clear when Dr. Tanner rendered this opinion, but the record shows Defendant dispatched this form to Dr. Tanner on December 9, 2002 (Court File No. 29, Ex. 2-C at 6). Dr. Tanner submitted a supplemental form in November 2003 when Plaintiff wanted to take more frequent breaks at work (Court File No. 29, Ex. 2-D at 3-5).

After the submission of the fourth request, Defendant accommodated Plaintiff by placing Plaintiff's workstation next to an exit and a bathroom (Court File No. 29, Ex. 2-A at 24, 27). Defendant also accommodated Plaintiff through splitting her break time and permitting her to take more frequent breaks (Court File No. 35 at ¶ 38).

Plaintiff's sole remaining claim is an allegation Defendant wrongly denied her request for accommodation after receipt of the letter from Dr. Hollins. Defendant claims this allegation is time-barred. Defendant previously raised this issue in their memorandum in support of their Motion for Summary Judgment (Court File No. 30 at 11 n.7). This Court previously denied summary judgment on this issue because Defendant pointed to Plaintiff's testimony which referenced a form the date of which was unclear (Court File No. 41 at 9). Defendant in its Motion for Reconsideration directs the Court's attention to Plaintiff's admission she does not dispute she filed the document on January 11, 2004 (Court File No. 44 at 3).

## II.  ARGUMENTS OF THE PARTIES

### A. Defendant's Motion for Reconsideration

Defendant filed a motion (Court File No. 43), which asked this Court to reconsider its decision denying Defendant's motion for summary judgment in regard to Plaintiff's sole remaining claim. Defendant argues Plaintiff's sole remaining claim is time-barred (Court File No. 44 at 1). Defendant argues the burden lies on Plaintiff to prove she filed the charge with the EEOC within 300 days after the claim accrued (*id*. at 3). Defendant further argues any confusion is not material, and while there are several dates stamped on the document the earliest allegations in the document are dated after the only date stamp which could save Plaintiff's claim (*id*. at 4).

### B. Plaintiff's Response in Opposition

Plaintiff characterizes Defendant's argument as a contention "that because the complaints in general did not set forth every specific issue that the complaints were not timely." (Court File No. 45 at 1). Apparently, without reference to any particular case or argument, Plaintiff argues Defendant's denial of accommodation was part of a continuing course of conduct, and Plaintiff only needed to allege part of the conduct fell within the 300 day limit.

## III.  STANDARD OF REVIEW

Jurisdiction for this action is proper under 28 U.S.C. § 1331, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and 29 U.S.C. § 791.

Plaintiff moves for summary judgment under Fed. R. Civ. P. 56(b). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving

party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes that a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**IV.    DISCUSSION**

An ADA plaintiff is required to have filed a charge of discrimination within 300 days of the challenged action with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 12117(a) (incorporating Title VII procedural requirements into ADA); 42 U.S.C. § 2000e-5(e)(1); *EEOC v. Penton Indus. Pub. Co.*, 851 F.2d 835, 837 n.5 (6th Cir. 1988). This Court agrees the latest Plaintiff's claim could have accrued is upon the receipt of Dr. Hollins's letter, April 22, 2002. Plaintiff's sole remaining claim is whether Defendant had an obligation to reconsider its decision to deny Plaintiff's request for accommodation following the receipt of that letter.

The Plaintiff does not dispute she filed her charge with the EEOC in January 2004 (Court File No. 35 at 13). Previously, Defendant pointed this Court to Deposition testimony, which described the charge document at issue. Plaintiff could have, with some possibility of success, argued her concession was merely a description of one of the dates on the charge document. But Defendant now directs this Court's attention to a document where Plaintiff concedes, as undisputed fact, she did not file her first complaint before January 11, 2004. January 11, 2004 is 629 days after the date of Dr. Hollins' Letter.

The only plausible argument to save Plaintiff's claim is the argument Defendant's failure to accommodate Plaintiff after receipt of the letter was part of a continuing course of conduct. Unfortunately for Plaintiff, Defendant accommodated her request on January 7, 2003 (Court File No. 29 Ex. 2-A at 161). Even if Plaintiff could allege a continuing course of conduct her charge form is still untimely. This Court previously dismissed Plaintiff's claims after this accommodation (Court File No. 41 at 6-7). And Plaintiff cannot use non-discriminatory conduct to expand the ADA's filing requirements; "[A] time-barred act [cannot] justify filing a charge concerning [acts] that [were] not independently discriminatory." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Any course of conduct must have ended when Defendant accommodated her disability on January 7, 2003, which is more than a year (369 days) before Plaintiff filed the charge form on January 11, 2004.

In order to show a continuing violation Plaintiff must show an actionable hostile work environment claim. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 116. This Court has previously dismissed Plaintiff's hostile work environment claim (Court File No. 41 at 13-14).

Plaintiff does not contest the date she filed the charge with the EEOC. This date is

necessarily more than 300 days after her claim accrued, and therefore this Court will **GRANT** Defendant's Motion for Reconsideration (Court File No. 43) and Defendant's Motion for Summary Judgment (Court File No. 29).

This Court can decide the matter on the undisputed facts, and therefore this Court need not reach the question of which party bears the burden of proof.

## V. CONCLUSION

For the foregoing reasons, this Court will **GRANT** Defendant's Motion for Reconsideration (Court File No. 43), and this Court will **GRANT** Defendant's Motion for Summary Judgment as to Plaintiff's sole remaining claim (Court File No. 29).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**